NETTIE E. HIGGINS *vs.* JOHN SHEPARD & others.

Suffolk.    March 4, 1904. — May 20, 1904.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* Exceptions.    *Witness,* Cross-examination.    *Words,* "I may have."

The admission of immaterial evidence furnishes no ground of exception unless the excepting party was harmed by its admission.

Where a witness is asked on cross-examination whether he did not make a certain statement in testifying in another court and answers "I don't know. I may have", the words "I may have" do not necessarily or even probably mean that his best recollection is that he so testified, and the answer properly may be understood to be a statement that the witness does not know and has no recollection about his former testimony.

CONTRACT, by a woman employed as a buyer in the under-wear department of the dry goods store of the defendants, for a balance of salary, alleging that the plaintiff was employed for a year at a salary of $800, and that the defendants discharged her without cause before the expiration of the year. Writ dated July 18, 1898.

This case was before the court at a previous stage as reported in 182 Mass. 364. By the decision there reported the defendants' exceptions were sustained after a verdict for the plaintiff. At a new trial in the Superior Court before *Lawton*, J., the jury returned a verdict for the plaintiff in the sum of $262.61; and the defendants alleged exceptions.

*J. J. Higgins*, for the defendants.

*R. Levi*, for the plaintiff.

HAMMOND, J. So far as respects the question of liability, the only matter really in dispute was whether the plaintiff was hired for an absolute term of one year, or for an indefinite term. After Shepard, one of the defendants, had testified on cross-examination that his firm never made with their employees contracts for an absolute term, Cole, another defendant, was asked upon cross-examination whether he had not testified in another court that one Murphy, the predecessor of the plaintiff in the business for which she was hired, " had a contract from year to year." The defendants seasonably objected to this question on the ground that it was immaterial. The objection was overruled, and, subject to the exception of the defendants, the witness was allowed to answer " I don't know. I may have."

As this evidence was immaterial to the issue, it was inadmissible. But the rule is that the admission of such evidence furnishes no ground of exception unless it be prejudicial to the excepting party. It will be observed that the answer was a statement in substance that the witness did not know whether he had testified in another court that Murphy was hired for a year; and the phrase " I may have " was not necessarily or even probably intended as a statement that his best recollection was that he had so testified, but rather that he had no recollection whatever about it. In fine, the answer seems to be a statement that he did not know and had no recollection about his former testimony. Moreover on further cross-examination he

testified positively that Murphy was not hired for any definite term. No exceptions were taken to the instructions under which the case was submitted to the jury; and, while in the charge no allusion was made to the evidence excepted to, we must assume that the jury were fully and properly instructed. Under the circumstances it is not made to appear that the defendants were prejudiced by the answer of the witness Cole.

*Exceptions overruled.*